IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO CERAME ET AL., | : | No. 3:21-cv-01502-AWT |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BOWLER ET AL., | : | |
| *Defendants.* | : | FEBRUARY 8, 2022 |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: November 10, 2021

Date Complaint Served: December 7, 2021

Date of Defendants' Appearance: December 28, 2021

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 26, 2022. The participants were:

Richard Samp, Margaret Little for Plaintiffs Mario Cerame, Timothy Moynahan

Michael Skold, Emily Gait for Defendants Michael Bowler, Matthew Berger

### I. Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Defendants dispute that this Court has subject matter jurisdiction as set forth below.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Plaintiffs' Claims

Plaintiffs contend that Rule 8.4(7) of the Connecticut Rules of Professional Conduct violates their rights under the First and Fourteenth Amendments to the United States and Article I, Section 4 and Article III, Section 1 of the Connecticut Constitution, by improperly restricting their freedom of speech and potentially subjecting them to penalties under overly vague standards. Plaintiffs seek a declaration that Rule 8.4(7) is facially invalid and an injunction barring defendants from enforcing the Rule.

### B. Defenses

Defendants contend that this case is barred by the Eleventh Amendment, lack of standing and failure to state a claim. Defendants reserve the right to raise any additional claims and defenses that further research and discovery may reveal.

## IV. Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute but are unable to identify any such facts at this time. The parties will revisit this issue after the Court rules on the pending motion to dismiss and Defendants file an answer to the complaint.

## V. Case Management Plan

### A. Initial Disclosures

The parties agree to waive initial disclosures in light of the specific circumstances and needs of this case.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).
2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
2. The parties do not request an early settlement conference.

    3. The parties prefer a settlement conference, if such a conference is held, with a magistrate judge.

    4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1. The deadlines for Plaintiffs to amend their complaint as of right have passed. *See* ECF No. 2 ("Amended Pleadings due by 1/9/2022."); *see also* Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs reserve the right to seek leave to amend their complaint and join additional parties as necessary in response to the Court's ruling on Defendants' motion to dismiss. *See* ECF No. 14. Defendants reserve the right to object to such a motion. Should Plaintiffs obtain leave to join parties or amend their complaint, Defendants request thirty days from the date the amended complaint is filed to submit a responsive pleading, which may incorporate any arguments from Defendants' motion to dismiss that are also relevant to the operative complaint.

    2. Defendants do not seek to join additional parties.

  E. Discovery

    1. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The parties agree that discovery should be stayed in the short term. Defendants raised several jurisdictional issues in their motion to dismiss, including but not limited to the Eleventh Amendment. Defendants assert that the Eleventh Amendment provides them

4

with both an immunity from liability and from suit, including the obligation to participate in pre-trial discovery. Plaintiffs disagree and contend that Defendants are not entitled to Eleventh Amendment immunity and should not be permitted to delay discovery indefinitely. Nevertheless, given the limited discovery needs of this case and in the interest of judicial economy, the parties agree that discovery should be temporarily stayed while the Court considers the motion to dismiss.

The parties therefore propose the following timeline:
Discovery is stayed until the Court issues a ruling on the pending motion to dismiss or May 1, 2022, whichever comes first. Within 14 days of either the Court's ruling or May 1, 2022, whichever comes first, the parties will convene to discuss discovery. Within 14 days of that meeting, the parties will file a status report in which they will present their views on whether discovery should proceed and, if so, propose discovery deadlines. The parties currently anticipate that discovery, if it is necessary, will be completed within six months of Defendants filing their answer, and that Plaintiffs' substantive claims will require only minimal discovery for either party.

2. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:

The parties will preserve all ESI and accept disclosure of ESI in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, as searchable PDF documents. Electronic mail should include attachments to the email and indicate to whom the email was addressed, including blind carbon copies, and whether it was a reply. Upon request and if reasonably available, a party shall

5

make diligent efforts to produce any electronically-stored spreadsheet or database in its native format (*e.g.* Microsoft Excel) rather than in PDF format. All electronically stored documents created by a word processing program are to be produced in the native format, if reasonably available, rather than in PDF format. To the extent any ESI is preserved only in printed form, such information may be produced in PDF format. ESI may be produced on CD-ROM. The parties will undertake to search their electronically stored records for responsive documents and information by utilizing search terms and procedures known by the disclosing party to be reasonably calculated to locate responsive documents and information.

3. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure, and management of such information:

    All paper or other non-electronic documents shall be scanned and produced as a searchable PDF file. Any documents that cannot be scanned will be made available for review and/or copying to opposing counsel at a mutually agreeable location.

4. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

    The parties preserve all claims of privilege. The parties agree to treat each other's claims of attorney-client, work product, or other privileges and protections in good faith. Any claim of privilege shall be accompanied by a privilege log. Challenges to claims of privilege shall be presented to the Court in accordance with the Federal Rules of Civil Procedure and any other applicable laws.

    The parties will endeavor to raise any claims of privilege after production as promptly as possible and will take care to not utilize, retain, or rely on any documents subject to such claims of privilege.

F.  Summary Judgment Motions:

If Defendants' motion to dismiss is denied, the parties anticipate that this case likely can be resolved on cross motions for summary judgment.  The parties propose that, if the motion to dismiss is denied, they will propose a schedule for briefing cross motions for summary judgment in the status report contemplated by Part V.E, supra.

G.  Joint Trial Memorandum

The parties do not anticipate that this case will produce trial work for this Court. Should the case proceed to trial, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of the Court's ruling on any summary judgment motions.

## VI.  Trial Readiness

The case will be ready for trial upon the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs

By: */s/ Richard A. Samp (Admitted pro hac vice)*   Date: 2/8/2022
   *Margaret Little (ct303494)*

Defendants

By: */s/ Michael K. Skold*           Date: 2/8/2022

Dated at Hartford, Connecticut, this 8th day of February, 2022.

           Respectfully submitted,

           DEFENDANTS
           MICHAEL BOWLER AND
           MATTHEW BERGER

           WILLIAM TONG
           ATTORNEY GENERAL

BY:  */s/ Michael K. Skold*
      Michael K. Skold (ct28407)
      Emily A. Gait (ct31186)
      Assistant Attorneys General
      Office of the Attorney General
      165 Capitol Ave, 5th Flr
      Hartford, CT 06106
      PH: 860-808-5020
      Fax: 860-808-5347
      Michael.Skold@ct.gov
      Emily.Gait@ct.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Michael K. Skold*
Michael K. Skold
Assistant Attorney General