✶ **New Civil Liberties Alliance**

March 28, 2022

**Via CM/ECF**

Honorable Alvin W. Thompson
U.S. District Court for the District of Connecticut
Abraham A. Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

Re: *Cerame v. Bowler*, No. 21-1502; Notice of Additional Authority

Dear Judge Thompson:

Plaintiffs write to inform the Court of pertinent authority that was decided after briefing concluded on Defendants' pending motion to dismiss the case. On March 24, 2022, the U.S. District Court for the Eastern District of Pennsylvania issued an Opinion granting summary judgment to a plaintiff challenging the constitutionality of Rule 8.4(g) of the Pennsylvania Rules of Professional Conduct. *Greenberg v. Goodrich*, No. 20-3822, __ F. Supp. 3d __ (E.D.Pa., Mar. 24, 2022). A copy of the Opinion is attached.

Pennsylvania initially adopted Rule 8.4(g) in 2020. In December 2020, the U.S. District Court for the Eastern District of Pennsylvania issued a preliminary injunction against enforcement of the rule, holding among other things that the plaintiff was likely to prevail on his claim that the rule violated his constitutional rights to freedom of speech and due process of law. *Greenberg v. Haggerty*, 491 F. Supp. 3d 12 (E.D. Pa. 2020). Pennsylvania bar officials appealed from that ruling but later withdrew the appeal, and the Pennsylvania Supreme Court adopted a revised version of Rule 8.4(g) that attempted to eliminate the constitutional deficiencies identified in the December 2020 opinion.

The district court thereafter directed the parties to file cross motions for summary judgment regarding the constitutionality of the revised rule. The attached March 24, 2022 Opinion concluded that the revised version of Rule 8.4(g) still violated the plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution and that the plaintiff was entitled to summary judgment on his constitutional claims.

Most pertinent to the pending motion to dismiss this case is the Opinion's conclusion that the plaintiff possessed Article III standing to challenge Rule 8.4(g). Rule 8.4(7) of the Connecticut Rules of Professional Conduct is substantially similar to Pennsylvania Rule 8.4(g). Plaintiffs Mario Cerame and Timothy Moynahan have raised a facial constitutional challenge to Connecticut Rule 8.4(7). Defendants' motion to dismiss asserts that Cerame and Bowler lack Article III standing to assert their facial challenge. Def. Br. at 22-32.

**2 | N C L A**

      The Pennsylvania court's Opinion, at Slip op. 10-17, rejected a similar challenge to the Article III standing of the plaintiff to assert a facial challenge to Pennsylvania Rule 8.4(g). The district court noted that its opinion granting a preliminary injunction had held that "there would be a chilling effect on [the plaintiff's] speech" if Rule 8.4(g) remained in place, and it concluded that "Defendants do not present any compelling reasons to reconsider our conclusion." Slip op. at 12. It further concluded that the plaintiff had demonstrated the requisite injury-in-fact because his "alleged fear of disciplinary complaint and investigation is objectively reasonable." *Id.* at 13. The court rejected the defendants' assertion that the Pennsylvania Office of Disciplinary Counsel's "disavowal" of any intent to bring an enforcement action against the plaintiff based on the types of statements he desired to utter served to eliminate the plaintiff's standing, noting that Pennsylvania bar officials would not be bound by the "disavowal" in future enforcement actions. *Id.* at 15-17.

      Also pertinent to this case is the Opinion's rejection of the defendants' contention that Pennsylvania Rule 8.4(g) is a regulation of attorney conduct that only incidentally affects attorney speech. *Id.* at 44-47. That holding is relevant to Defendants' claim that Connecticut Rule 8.4(7) focuses on regulating attorney conduct and that any impact on speech is merely an incidental byproduct of the regulation of conduct. *See* Def. Br. at 30 n.5.

      Respectfully,

*/s/ Richard A. Samp*
**Richard A. Samp**
Senior Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036
rich.samp@ncla.legal
(202) 869-5210

Counsel for Plaintiffs Cerame and Moynahan

Cc:    Michael Skold and Emily Gait, Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed on March 28, 2022, using the CM/ECF system of the U.S. District Court for the District of Connecticut, which sent notification of such filing to all counsel of record.

Respectfully,

*/s/ Richard A. Samp*
**Richard A. Samp**