IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO CERAME ET AL., | : | No. 3:21-cv-01502-AWT |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BOWLER ET AL., | : | |
| *Defendants.* | : | March 31, 2022 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants hereby respond to Plaintiff's Notice of Supplemental Authority regarding the Pennsylvania district court's recent decision in *Greenberg v. Goodrich*, No. 20-03822, 2022 U.S. Dist. LEXIS 52881 (E.D. Pa. Mar. 24, 2022) ("*Greenberg II*"). ECF No. 23. The decision is irrelevant to the questions before the Court because it does not address standing or the Eleventh Amendment, which are the sole grounds for Defendants' pending motion to dismiss.

Specifically, Plaintiffs misrepresent the *Greenberg II* decision and state that the court "conclu[ded] that the plaintiff possessed Article III standing to challenge" Pennsylvania's current version of Rule 8.4(g). Notice at 1. That is not true. The court noted its **prior** decision in *Greenberg v. Haggerty*, 491 F. Supp. 3d 12 (E.D. Pa. 2020) ("*Greenberg I*"), in which the court held that the plaintiff had standing to challenge the **old** version of Pennsylvania's rule. *Greenberg II*, 2022 U.S. Dist. LEXIS 52881, at *15-16. Defendants previously addressed *Greenberg I* and why it is readily distinguishable and thus has no relevance to the standing analysis in this case. ECF No. 14-1 at 33-34; ECF No. 22 at 10. *Greenberg II* is even less relevant because it did

1

not address standing at all. To the contrary, the court held that standing was not the proper inquiry in *Greenberg II* because it is determined only once "[a]t the 'commencement of the litigation.'" 2022 U.S. Dist. LEXIS 52881, at *16. The court instead held that the inquiry was one of mootness, which is not at issue in this case.

Further, if anything *Greenberg II* supports Defendants' standing argument. After *Greenberg I*, the Pennsylvania Supreme Court amended Pennsylvania's rule to address the concerns the court identified. Although Pennsylvania's current rule still is not as defensible as Connecticut's rule because it does not contain commentary or grievance procedures that expressly preclude the possibility of discipline based on an attorney's protected speech, *see* ECF No. 14-1 at 27-34, the court noted that even Pennsylvania's more limited amendments "conform with th[e] Court's previous ruling" in *Greenberg I*. *Greenberg II*, 2022 U.S. Dist. LEXIS 52881, at *29. The clear implication of that holding is that the post-*Greenberg I* amendments eliminated the purported injuries that the plaintiff feared from the original rule.[1] That conclusion is even more applicable here given that Connecticut's rule is narrower—and has far more robust First Amendment protections—than the versions of the Pennsylvania rule at issue in both *Greenberg I* and *II*.

---

1  In the context of its mootness discussion, the court did note that Pennsylvania's current rule continues to chill the plaintiff speech because it applies to protected "speech that is ***perceived*** to be discriminatory or harassing" by the listener, even if the speaker did not intend to target that individual. *Greenberg II*, 2022 U.S. Dist. LEXIS 52881, at *45. Even if the court had made that observation in connection with a standing analysis instead of mootness, that issue is not relevant to the standing analysis here because the commentary makes clear that Connecticut's Rule 8.4(7) does not apply to ***any*** constitutionally protected speech, regardless of whether a listener "perceives" the speech to be discriminatory or not.

The fact that the court found the plaintiff's claim in *Greenberg II* to not be moot does not change that conclusion. The Court based that decision not on any analysis of standing, but rather, because the voluntary cessation exception to mootness applied. Specifically, the court held that the *Greenberg* defendants voluntarily amended the old rule and submitted an affidavit disavowing any intent to prosecute attorneys only in response to the litigation. It was that voluntary cessation of allegedly unconstitutional conduct and the possibility of reverting to it—and not any purported injury caused by the post-*Greenberg I* amended rule itself—that caused the court to hold that the plaintiff's challenge was not moot. *Id.* at *25-48.

In any event, the fact of the matter is that Connecticut's Rule 8.4(7) is far narrower than the rule invalidated in *Greenberg II* and contains far more robust First Amendment protections. Most notably, the commentary to Rule 8.4(7) expressly excludes constitutionally protected speech from the scope of the rule, and Practice Book §§ 2-35(k)(1) and 2-38(f) expressly forbid discipline to the extent it would violate an attorney's First Amendment rights. Those protections—which Plaintiffs ***still*** refuse to acknowledge in their filings with this Court—distinguish this case from both *Greenberg I* and *II* and compel the conclusion that Plaintiffs lack standing because they have no legitimate fear of discipline if they engage in constitutionally protected speech.

        Respectfully submitted,

        DEFENDANTS MICHAEL BOWLER
        AND MATTHEW BERGER

        WILLIAM TONG
        ATTORNEY GENERAL

BY: */s/ Michael K. Skold*
   Michael K. Skold (ct28407)
   Emily A. Gait (ct31186)
   Assistant Attorneys General
   Office of the Attorney General
   165 Capitol Ave
   Hartford, CT 06106
   860-808-5020 (phone)
   Michael.Skold@ct.gov
   Emily.Gait@ct.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed on March 31, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/  Michael K. Skold*
Michael K. Skold
Assistant Attorney General