☼ **New Civil Liberties Alliance**

April 29, 2022

**Via CM/ECF**

Honorable Alvin W. Thompson
U.S. District Court for the District of Connecticut
Abraham A. Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

Re: *Cerame v. Bowler*, No. 21-1502; Notice of Additional Authority

Dear Judge Thompson:

     Plaintiffs write to inform the Court of pertinent authority decided after briefing concluded on Defendants' motion to dismiss. The U.S. Court of Appeals for the Eleventh Circuit issued an Opinion granting the plaintiff a preliminary injunction against enforcement of a university's policy prohibiting speech that constituted "discriminatory harassment," finding that the policy likely violated the First Amendment rights of the plaintiff's members who were university students. *Speech First, Inc. v. Cartwright*, __ F.4th __, 2022 WL 1192438 (11th Cir., Apr. 21, 2022). The Opinion is attached.

     The University of Central Florida's discriminatory-harassment policy prohibits "verbal" conduct that discriminates against or harasses others based on enumerated characteristics, including ethnicity and religion. 2022 WL 1192438 at *2. The Eleventh Circuit directed entry of a preliminary injunction against the policy on First Amendment grounds. *Id.* at *11.

     Most pertinent to the pending motion to dismiss this case is the Opinion's conclusion that Speech First's members possessed Article III standing to challenge the policy. Plaintiffs have raised a facial First Amendment challenge to Rule 8.4(7) of the Connecticut Rules of Professional Conduct, a rule that (like the university's discriminatory-harassment policy) seeks to prohibit "verbal" conduct that constitutes "harassment or discrimination on the basis of" one or more of 15 protected categories. Defendants' motion to dismiss asserts that Plaintiffs lack standing to assert their facial challenge. Def. Br. at 22-32.

     The Eleventh Circuit's Opinion, at *7-*8, rejected a similar challenge to the university students' standing. The court held that plaintiffs, in order to establish injury-in-fact from a challenged speech-restriction policy, need not allege that they face an imminent threat of enforcement action against them. Rather, the court explained, "[l]itigants who are being chilled from engaging in constitutional activity … suffer a discrete harm independent of enforcement, and that harm forms the basis for our jurisdiction." *Id.* at *7 (citations omitted). The court concluded that the students possessed Article III standing because "reasonable student[s]" would censor their own speech for fear of facing disciplinary proceedings, and the chill on their speech was "exacerbated" by the vagueness of the policy's proscriptions. *Id.* at *8.

Respectfully,

*/s/ Richard A. Samp*
**Richard A. Samp**
Senior Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036
rich.samp@ncla.legal
(202) 869-5210

Counsel for Plaintiffs Cerame and Moynahan

Cc:   Michael Skold and Emily Gait, Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed on April 29, 2022, using the CM/ECF system of the U.S. District Court for the District of Connecticut, which sent notification of such filing to all counsel of record.

Respectfully,

*/s/ Richard A. Samp*
**Richard A. Samp**