IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARIO CERAME** and ) <br> **TIMOTHY C. MOYNAHAN** ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **MICHAEL P. BOWLER,** in his official capacity ) <br> as Connecticut Statewide Bar Counsel; and ) <br> **MATTHEW G. BERGER**, in his official capacity ) <br> as Chair of the Statewide Grievance Committee, ) <br>     Defendants. ) <br> ) | Case No. 3:21cv-01502-AWT |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT OR,
ALTERNATIVELY, MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)**

    Plaintiffs Mario Cerame and Timothy C. Moynahan submit this Memorandum of Points and Authorities in support of their motion for leave to file an amended complaint or, alternatively, relief from judgment under Rule 60(b). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, "The Court should freely grant leave when justice so requires." Rule 60(b)(1) provides that the Court may relieve a party from a final judgment on grounds of "mistake."

    Plaintiffs' initial complaint, filed November 10, 2021, raised a facial challenge to Rule 8.4(7), a recently adopted provision of the Connecticut Rules of Professional Conduct that took effect on January 1, 2022. The complaint asserted, among other things, that Rule 8.4(7) violates the First and Fourteenth Amendment because it imposes content- and viewpoint-based speech restrictions and because its overly vague terms fail to provide sufficient guidance regarding what speech is prohibited.

    The complaint alleged that Cerame and Moynihan fear that they may be the subject of

professional misconduct complaints if they continue to speak out on controversial issues in a manner similar to the manner they have spoken in the past.  Complaint ¶¶ 50-60.  It further alleged that because of "their well-founded fears" that they could face a misconduct complaint under Rule 8.4(7), Cerame's and Moynahan's speech is being chilled: "they feel forced to speak less openly ... to reduce the likelihood that such a complaint will be filed." *Id.* ¶ 56.

Defendants responded in December 2021 by filing a motion to dismiss the complaint under Fed.R.Civ.P. 12, alleging (among other things) that the complaint did not adequately allege that Cerame and Moynahan are suffering an injury sufficient to establish their standing to sue. On August 29, 2022, the Court granted the motion to dismiss.  It held that the complaint failed to establish Plaintiffs' standing: they failed to allege facts sufficient to show that their speech is chilled because of "a real and imminent fear" that Rule 8.4 will be enforced against them if they continue to speak out freely.  Slip op. 18-24.

Paragraph 58 of the complaint listed examples of speech that is fully protected by the First Amendment but that "members of the Connecticut bar will be reluctant to express because they reasonably fear that doing so could result in an attorney misconduct complaint by those who deem the speech discriminatory."  In their opposition to the motion to dismiss, Plaintiffs stated that the items described in Paragraph 58 are:

> examples of the sorts of speech that they normally engage in and that they believe are fully protected by the First Amendment, but that they will now refrain from expressing because they reasonably fear a misconduct charge under Rule 8.4(7). For example, they enjoy telling jokes they find humorous, including jokes that relate to one or more of the 15 protected groups. While they never tell such jokes with an intent to be derogatory or demeaning to listeners, they recognize that some individuals might consider the jokes derogatory or demeaning—giving rise to Rule 8.4(7) misconduct complaints. To avoid such complaints, since January 2022 Cerame and Moynahan have censored their speech of that nature.

Pltfs. Br. 21. The Court held that Paragraph 58 did not explicitly allege that the listed items were examples of speech that *Cerame and Moynahan* "normally engage in" and that the Court would not permit the Plaintiffs to supply that missing detail by means of a brief opposing the motion to dismiss. Slip. Op. 24 n.1 (stating that "parties may not amend a complaint to cure standing deficiencies by means of an opposition to a motion to dismiss").

I. **PLAINTIFFS' PROPOSED AMENDED COMPLAINT PROVIDES ADDITIONAL FACTS DEMONSTRATING THAT THEY HAVE WELL-FOUNDED FEARS THAT THEY MAY BE TARGETED UNDER RULE 8.4(7) UNLESS THEY REFRAIN FROM SPEAKING OUT AS FREELY AS THEY HAVE DONE IN THE PAST**

Plaintiffs seek leave to file their First Amended Complaint to insert additional factual allegations that their fears of a Rule 8.4(7) disciplinary action are well-founded and have caused them to refrain from speaking as freely as they have done in the past. Those additional allegations should eliminate any doubt that Plaintiffs have adequately alleged that they have suffered injury directly traceable to adoption of Rule 8.4(7) and that the relief they seek (including an injunction against enforcement of Rule 8.4(7)) will redress their injuries.

The First Amended Complaint includes the following specific factual allegations not included in the initial complaint:

- Paragraph 58 (now renumbered 59) is expanded to state expressly what was merely implied in the original complaint: that the items described in Paragraph 58 are examples of "the sorts of speech they [Plaintiffs] normally engage in." The language quoted above (from their brief opposing the motion to dismiss) has been incorporated in full into the Amended Complaint. This new allegation should alleviate the Court's concern that parties should not be permitted to "amend a complaint to cure standing deficiencies by means of an opposition to a motion to dismiss." Slip Op. 24 n.1.

- The Amended Complaint includes new factual allegations to provide additional support for Cerame's claims regarding the sorts of speech he has uttered in the past but now refrains from uttering because of Rule 8.4(7). In particular, the Amended Complaint expands considerably the allegations of Paragraph 14, which initially alleged that

3

"Cerame sometimes uses harsh language when representing individuals charged with crimes. Cerame does so when he believes it is necessary to help his clients understand his perception of racial bias inherent in the criminal justice system." The Amended Complaint provides additional factual details of a past conversation that he specifically had in mind when making that allegation. As set out in the expanded Paragraph 14, the conversation was between him and a young African American criminal defendant he was representing. In an effort to convince the defendant to seriously consider entering into a plea deal on the drug charges he faced, Cerame told the defendant, "You need to understand the racial bias inherent in the criminal justice system. This prosecutor comes down hard on all drug defendants. And if even lilly-white boys are likely to get harsh sentences, just imagine the kind of sentence a black kid like you might receive." Cerame will refrain from making similar statements in light of Rule 8.4(7), because some individuals might consider such statements to be derogatory or demeaning and file misconduct charges against him.

- The Amended Complaint includes new factual allegations to provide additional support for Moynahan's claims regarding the sorts of speech he has uttered in the past but now refrains from uttering because of Rule 8.4(7). In particular, the Amended Complaint adds a new Paragraph 52 that details the manner in which Rule 8.4(7) inhibits his communication with clients facing criminal charges. A significant portion of Moynahan's legal practice throughout his lengthy career has involved criminal defense work. Paragraph 52 alleges that Moynahan believes that effective representation of a criminal defendant requires that he and his client be able to speak frankly and openly with each other—including on issues regarding race, sex, and religion that may be (and often are) relevant to the criminal charges. Examples include the relevance of the race and sex of the judge, jurors, prosecutors, and defendants to the likely outcome of the case. Paragraph 52 alleges that, due to adoption of Rule 8.4(7), Moynahan is much less willing to discuss such subjects openly for fear that such discussions might generate a misconduct allegation.

- The Amended Complaint expands existing Paragraph 62 (now numbered 63) to provide additional support for Plaintiffs' claim that the vagueness of the terms "discrimination," "harassment," and "conduct related to the practice of law" adds considerably to the chill on their speech. Paragraph 62 in the initial complaint noted that Defendant Michael Bowler wrote to the Rules Committee on behalf of the Statewide Grievance Committee to opine that those three terms are not clearly defined in either Rule 8.4(7) or the accompanying Commentary. The Amended Complaint expands Paragraph 62 (now 63) to allege specifically that Plaintiffs share the Statewide Grievance Committee's belief that the three terms are not clearly defined. The expanded Paragraph 63 also alleges that Rule 8.4(7)'s lack of clarity strengthens their reasonable beliefs that they should censor their speech on controversial issues, even if they do not believe the speech is covered by the Rule; that lack of clarity deprives them of the ability to discern in advance what speech and conduct is proscribed.

## II. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE THEIR AMENDED COMPLAINT

The Court granted Defendants' motion to dismiss for lack of standing, concluding that the initial complaint failed to allege facts sufficient to demonstrate that Plaintiffs are suffering an injury attributable to adoption of Rule 8.4(7). The proposed Amended Complaint cures those deficiencies by providing additional factual allegations demonstrating that their decisions to censor their speech is based on a reasonable fear of a Rule 8.4(7) misconduct charge. They reasonably believed that their initial complaint adequately alleged injury; once the Court ruled otherwise, they are acting quickly to correct the deficiencies. They have not previously sought leave to amend their complaint, nor did they believe that they had reason to do so. Under those circumstances, granting their motion for leave to amend is warranted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." "Rule 15(a)(2) is a 'liberal' and 'permissive' standard, and 'the only grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Aboah v. Fairfield Healthcare Services, Inc.*, 2022 WL 443253 at *2 (D. Conn., Feb. 14, 2022) (quoting *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021)). None of those four grounds are implicated here. There is no evidence of bad faith. Plaintiffs have not delayed in filing their motion for leave; they are filing the motion as soon as they discovered that the Court believed that additional factual allegations were required for them to demonstrate standing. Moreover, the additional factual allegations suffice to satisfy the *undemanding* standards that a plaintiff must satisfy to demonstrate standing at the pleadings stage. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555,

5

561 (1992) (stating that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.").

### III.   THE COURT SHOULD GRANT RELIEF FROM JUDGMENT UNDER RULE 60(b)

The Court granted the motion to dismiss on August 29, 2022, ruling that the factual allegations in Plaintiffs' initial complaint did not suffice to establish that Plaintiffs suffered injury attributable to adoption of Rule 8.4(7).  The order granting the motion stated, "The Clerk shall close the case."  Slip op. 25.  The next day, August 30, the Clerk entered Judgment for Defendants and closed the case.  ECF-29.  The Court provided Plaintiffs no opportunity to seek leave to file an amended complaint before entering judgment.

As explained above, Plaintiffs were entitled to that opportunity, and they have provided good cause for granting them leave to amend.  Accordingly, entry of judgment without providing an opportunity to seek leave to amend was legal error.  The Court should grant relief from judgment under Rule 60(b)(1) and grant Plaintiffs leave to file their proposed Amended Complaint.

## CONCLUSION

The Court should grant Plaintiffs' motion for leave to file their proposed Amended Complaint. Alternatively, the Court should grant Plaintiffs relief from judgment under Rule 60(b)(1) and direct that Plaintiffs' proposed Amended Complaint be docketed.

Dated: September 7, 2022                     Respectfully submitted,

                                                               /s/ Richard A. Samp
Richard A. Samp
  (Admitted *pro hac vice*)
Margaret Little
  CT Bar No. 303494
New Civil Liberties Alliance
1225 19th Street, NW, Suite 450
Washington, DC 20036
rich.samp@ncla.legal
202-869-2510

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2022, I filed a copy of Plaintiffs' memorandum of points and authorities in support of their Motion for Leave to File Amended Complaint or, Alternatively, Motion for Relief from Judgment Under Rule 60(b) with the Court's CM/ECF system, which will send notice of electronic filing to the counsel of record.

/s/ Richard A. Samp
Richard A. Samp