

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

*Tel: ( 860 ) 808-5212*
*Fax: (860)  808-5347*

EMILY ADAMS GAIT
MICHAEL RONDON
ASSISTANT ATTORNEYS GENERAL

April 17, 2026

**Via ECF**

Hon. Omar A. Williams
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

**Re:    Notice of Supplemental Authority re *Cerame v. Slack*, 3:21-cv-01502 (OAW)**

Dear Judge Williams:

I write to notify this Court of Supplemental Authority, *State of Connecticut, Judicial Branch v. Commission on Human Rights and Opportunities, Office of Public Hearings, et al.*, SC 21148, April 14, 2026, in which the Connecticut Supreme Court concluded that the Commissioner on Human Rights and Opportunities' ("CHRO") exercise of jurisdiction over the judiciary branch's regulation of the legal profession violates the separation of powers doctrine.  (Exhibit A).

Defendants' Memorandum in Support of Motion to Dismiss argues that "the regulation and discipline of attorneys is exclusively a judicial function performed by the Judges of the Superior Court." (ECF No. 45-1 at 6).  As such, the United States Supreme Court's decision in *Whole Woman's Health v. Jackson*, bars Plaintiffs' claims because Defendants act as part of the judicial machinery not subject to the *Ex Parte Young* exception to Eleventh Amendment immunity. *Id.* at 11-20.  Within that discussion, Defendants raised questions about how enjoining Defendants could interfere with the judicial branch's grievance process. *Id.* at 21.    The Connecticut Supreme Court discusses the interference issue.  (*See*, Exhibit A, part II).

Part II of the unanimous opinion reinforces beyond question that the Judicial Branch regulates the practice of law.  That principle is neither new nor novel, but rather "a matter of long tradition; it reflects and is justified by the unique status of attorneys as commissioners of the Superior Court and the special role they play in the administration of justice." (*Id.* at 16, citation omitted).  The Judicial Branch regulates the practice of law through the Superior Court by reviewing standing committee conclusions about attorney discipline and reinstatement and standing committee actions through judicial review, subject to appellate review.  (*Id.* at 17, 20).

The aspect of the opinion worth highlighting for this case, concerns the implications of even the specter of interference with the adjudicatory functions of the disciplinary process.  The Court explained that if an executive agency, such as the CHRO, could interfere with standing committees and their conclusions about discipline, it "would likely have a chilling effect on the actions of the

standing committees in the course of their work" and "the specter of the [CHRO's] administrative litigation would chill or deter the Judicial Branch's impartial regulation of attorneys." (*Id.* at 18, 19).

Those same interference concerns arise with the specter of federal court interference with the regulation of the practice of law. Enjoining Defendants who act in administrative and adjudicatory roles within the Judicial Branch's grievance process would have a chilling effect on the impartial regulation of attorneys. Just as in *Whole Woman's Health*, Defendants are improper because interfering in their roles hinders the Judicial Branch's grievance resolution process.

For those reasons, *State of Connecticut, Judicial Branch v. Commission on Human Rights and Opportunities, Office of Public Hearings, et al.*, SC 21148 supports Defendants.

Very truly yours,

*/s/ Emily Adams Gait*
Emily Adams Gait
Assistant Attorney General

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 17, 2026, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*/s/ Emily Adams Gait*</u>
Emily Adams Gait
Assistant Attorney General